# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-41 |
| ) | Judge Robert J. Colville |
| JAYLAN FOY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is a Motion for Reconsideration of Detention Order (ECF No. 25) filed by Defendant Jaylan Foy ("Defendant"). Defendant requests that this Court review the order of detention pending trial issued by Magistrate Judge Lisa Pupo Lenihan (ECF No. 22) and enter an order releasing him from pretrial custody. The Government filed a Response in Opposition, arguing a *de novo* hearing is unnecessary because Defendant remains a danger to the community, and further arguing this Court should affirm Judge Lenihan's detention order. (ECF No. 29). After careful consideration of the parties' positions and review of the detention hearing transcript[1] and the relevant record, Defendant's motion is denied.

## I. PROCEDURAL HISTORY

On February 11, 2020, Defendant was charged in a three-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e); possession with intent to distribute 500 grams or more of cocaine and a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 841 (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No.

---

1     An official transcript of the detention hearing has not been produced; therefore, the Court relies upon an unofficial draft of the transcript (ECF No. 27).

1

1). The Government filed a request for detention and a detention hearing was held on February 24, 2020. (ECF Nos. 14, 21). Special Agent ("SA") Ryan O'Sullivan with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") testified on behalf of the Government. (ECF No. 27-1, Transcript of February 24, 2020 Detention Hearing ("Tr."), at 3.) The court has read SA O'Sullivan's testimony and the transcript in its entirety.

Judge Lenihan entered a written order of detention pending trial. (ECF No. 22). Judge Lenihan found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) was triggered in this case based on the nature of the charges against Defendant, i.e. the offense is one subject to a maximum term of imprisonment of ten years or more, and Defendant did not introduce sufficient evidence to rebut the presumption. (*Id.* at 2). She further found that the information presented at the detention hearing established by clear and convincing evidence that there is no condition or combination of conditions which would reasonably assure the safety of the community if Defendant is released. (*Id.*). Along with Judge Lenihan's findings made on the record at the hearing,[2] she specified in the order the following reasons for detention: the weight of the evidence against Defendant is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; and his lack of stable employment. (*Id.* at 2-3).

On March 3, 2020, Defendant moved this Court to review the detention order and requests that he be released pending trial. (ECF No. 25). Defendant submits that he is employed, owns a rental property and lives with his mother and sister; he has four children for whom he provides non-court ordered support; the government presented no evidence he has ever missed a Court

---

[2] Judge Lenihan explained on the record that Defendant is facing serious charges and the weight of the evidence is strong. She was particularly compelled by Defendant's criminal history and violations of supervised release. Despite Defendant's family's willingness to serve as a custodian for him, Judge Lenihan found that Defendant's recurrent criminal charges, including drug and gun offenses, support a conclusion that he would be a danger to the community if he is released. She made no finding as to risk of flight.

hearing; and he will appear for all scheduled court dates. (ECF No. 25 at ¶ 5). In arguing for release, Defendant assures the Court that "he will appear and not present a threat to the community: and the "weight of the evidence against [him] is not strong." (ECF No. 25 at ¶¶ 6, 8).

As stated, the Government opposes Defendant's request for release pending trial. (ECF No. 29). The Government notes that Defendant did not present a single witness or exhibit to rebut the presumption of detention, his only release plan is to return to his home where the drugs and guns were found, and further, he is a danger to the community given the multiple stolen firearms and ammunition found as well as the type and quantity of drugs found.

For the reasons stated below, and after a careful *de novo* review of the record, we will deny the defendants request for a hearing and deny his motion for reconsideration.

## II. ANALYSIS

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. (the "BRA"), governs release and detention pending judicial proceedings. Title 18 United States Code § 3145(b), provides that:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

*Id.* The United States Court of Appeals for the Third Circuit has determined that the appropriate standard of review for said reconsideration/amendment is *de novo* review. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). At the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript(s) of the proceedings before the Magistrate Judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D. Pa. 1994). The Court may also consider any additional evidence submitted in connection with the motion. *United States v.*

*Turner,* 08-cr-0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).

Under the BRA, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be ordered. 18 U.S.C. §3142(e). Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c) or an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

Defendant is charged in the Indictment[3] with possession with intent to distribute 500 grams

---

3   The Indictment also mentions the following four-drug related felony convictions: 1) On February 9, 2005, in the Court of Common Pleas of Allegheny County (Pennsylvania), at Criminal Case Number 2004-4239, of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance; 2) On February 9, 2005, in the Court of Common Pleas of Allegheny County (Pennsylvania), at Criminal Case Number 2004-4241, of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance; 3) On December 9, 2005, in the District Court for the Western District of Pennsylvania, at Criminal Case Number 04-146, of Possession with Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of Heroin; and 4) On April 26, 2006, in the Court of Common Pleas of Allegheny County (Pennsylvania), at Criminal Case Number 2005-5492, of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a

or more of cocaine and a quantity of heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C)), felon in possession of a firearm and ammunition (18 U.S.C §§ 922(g)(1) and 924(e)), and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). (Doc. No. 1). These charges raise the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e)(3).

A defendant may rebut the presumption in §3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). "To this end, the Court should consider the four factors listed [in 18 U.S.C. § 3142(g)], and if at the end of this analysis, Defendant rebuts the presumption, the burden shifts back to the Government. *United States v. Wooley*, Crim. No. 11-158, 2012 WL 3245472, at *2 (W.D. Pa. Aug. 7, 2012) (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986)). The Government must prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985).

The Court agrees with Judge Lenihan that Defendant did not introduce sufficient evidence to rebut the applicable presumption that no conditions will reasonably assure the safety of the community.[4] (ECF No. 22 at 2). The Court further concludes that, even if Defendant had met his evidentiary burden to rebut the applicable presumption, the Government has presented clear and

---

Controlled Substance.

4 No evidentiary hearing is required before this Court because the record was fully developed before Judge Lenihan, and, as noted *supra*, "[t]his court may make its independent determination" on the issue of pretrial detention "based solely upon the evidence introduced at the prior hearing." *United States v. Burgess*, No. 2:09-cr-150, 2009 WL 2038148 at *1 (W.D. Pa. July 8, 2009) (citations omitted

convincing evidence that pretrial detention was and is appropriately ordered in this case.

In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth in 18 U.S.C. §3142(g), which include the following: the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance or a firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court finds that the evidence proffered at the detention hearing favors the Government on each of these cited factors.

**A. Nature and Circumstances of the Offenses**

First, Defendant has been indicted for very serious controlled substance and firearm offenses, the convictions for which may result in the imposition of a lengthy period of incarceration. The Defendant is a felon and is alleged to have been in possession of three firearms (two of which were alleged to have been stolen) and approximately 200 rounds of ammunition, including extended magazines, which were stored next to 1.5 kilograms of cocaine. (Tr. at 9-13.) One firearm was a semi-automatic AK-47 style pistol. (*Id*.) Also recovered from the Defendant's residence were, among other things, a substantial amount of cash in safes, a quantity of heroin, and drug paraphernalia. (*Id*.) The Defendant has four prior drug felonies; therefore, if he is convicted of the 18 U.S.C. § 922(g)(1) charge, he would be armed career criminal. He is facing a mandatory minimum of 15 years on that charge and an additional five years for possessing firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). It also appears from the Defendant's criminal history that he would be eligible for the filing of an information under 21 U.S.C. § 851 to increase the mandatory minimum on the drug charge to 10 years. As such, this

factor weighs against Defendant.

### B. Weight of the Evidence Against Defendant

Second, Judge Lenihan observed on the record that the weight of the evidence against Defendant is strong, as reflected by the grand jury's return of the Indictment which establishes probable cause that the offenses occurred. The Court agrees with Judge Lenihan as to this factor, particularly given the testimony of SA O'Sullivan that drugs and guns were found in the Defendant's residence where he resides in the basement. (See, e.g., Tr. at 5-6.) He told the fire marshal that the basement bedroom was his. (*Id*.) And he had keys to the safes in which cash and the 1.5 kilograms of cocaine were found. (*Id*. at 8-9.) While recognizing that Defendant is presumed innocent of the charged offenses, the weight of the evidence against Defendant favors pretrial detention.

### C. History and Characteristics of Defendant

Third, with respect to Defendant's history and characteristics, this Court shares Judge Lenihan's concern about his criminal history. In 2005, he was sentenced in federal court to 33 months' incarceration and three years supervised release for possession with intent to distribute heroin. (Ex. 2 at ECF No. 29-2). His bond was revoked in that case before his conviction. (Tr. 26-27.) While on supervised release for that offense, he was arrested for harassment, escape, possession with intent to deliver, simple assault, possession of a controlled substance, and public drunkenness. (Ex. 2 at ECF No. 29-2). SA O'Sullivan testified to the details of that arrest, including that the Defendant fled from police after committing a brutal assault. (Tr. at 13-14.) In general, as Judge Lenihan noted, the Defendant has been arrested five times while on bond or supervision. (Id. at 36.)

Additionally, Defendant also committed multiple violations while on supervised release,

including failure to report to the probation office and failure to participate in outpatient drug and alcohol treatment. (Ex. 2 at ECF No. 29-2.) He was sentenced to 15 months' imprisonment as a result of his supervised release violations. (Ex. 3 at ECF No. 29-3).

Defendant also has three other felony convictions in state court for possession with intent to deliver controlled substances, which puts the total felony drug convictions at four. It appears from his criminal history that he was released from probation from his various crimes in 2011 and has not been arrested since then. (Tr. at 33). However, as the Government aptly notes, where "crimes took place many years ago and Defendant presented evidence that he learned from his mistakes," which the Defendant did not even do here, the Defendant's criminal history weighs in favor of detention where the charged offense involves firearms. *United States v. Terry*, No. 3:18-CR-24, 2018 WL 6504370, at *4 (W.D. Pa. Dec. 11, 2018). Moreover, there was no verifiable recent employment history. (Tr. 16, 36).

In sum, Defendant has an extensive criminal history, has committed crimes while on supervised release, which demonstrates to this Court that supervision (and even detention) has done little to deter him from engaging in criminal activity. Therefore, this factor clearly weighs in favor of detention.

Other than Defendant's assertion that he would comply with any conditions imposed, (Tr. at 29) he has proffered no evidence that he has the potential to maintain a law-abiding life if released. *See Carbone*, 793 F.2d at 560. With that said, Defendant has suggested that he can be placed on home detention or house arrest, and his sister and mother would aid in his pretrial release and ensure his compliance with court orders and appearances. (Tr. at 30). Yet "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when

evaluating whether release or detention is appropriate in a given case." *United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015). Judge Lenihan was well-aware of Defendant's family's willingness to serve as a third-party custodian(s), but rejected the idea given Defendant's recurrent criminal charges which compelled her to conclude that he would be a danger to the community if released. This Court shares Judge Lenihan's concern about a third-party custodian, regardless of who would assume that role. Although Defendant's mother and sister are no doubt well-intentioned, the mere fact that they are willing to serve as a third-party custodian(s) does not mean that they, or anyone else, could adequately supervise a defendant who is charged with extremely serious drug trafficking and firearms offenses.

**D. Nature and Seriousness of the Danger Posed by Defendant's Release**

As to the final factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release likewise favors pretrial detention in this case. Drug trafficking poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs found in his residence. *United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831 at *7 (W.D. Pa. Aug. 18, 2015) (citing *United States v. Gibson*, 481 F.Supp.2d 419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs.")). Additionally, Defendant is charged with firearms offenses, and the Court observes that the possession of firearms creates a very serious risk of danger when combined with drug trafficking. The record evidence shows 1.5 kilograms of cocaine was found near multiple firearms in Defendant's home. Indeed, one firearm, a Century Arms firearm, and the extended magazines recovered from the Defendant's bedroom are dangerous, concealable, and made to fire multiple rounds. (Tr. at 11-12). Therefore, this final factor weighs strongly in favor of detention.

9

### III. CONCLUSION

For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial. Accordingly, Defendant's motion for reconsideration of detention order is denied.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 24th day of March, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion for Reconsideration of Detention Order (ECF No. 25) is DENIED. Defendant shall remain detained pending trial.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: All ECF Registered Counsel of Record